1

JANET M. HEROLD
Regional Solicitor

2

MARC A. PILOTIN (CSBN 266369)
Counsel for Wage and Hour Litigation

3

CHARLES SONG (CSBN 204497)
Senior Trial Attorney

4

UNITED STATES DEPARTMENT OF LABOR
350 South Figueroa Street, Suite 370

5

Los Angeles, CA 90071-1202
Telephone:  (213) 894-5365

6

Fax:  (213) 894-2064
Song.Charles@dol.gov

7

*Attorneys for Plaintiff R. Alexander Acosta*

8

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE DISTRICT OF ARIZONA

11

12

13

R. Alexander Acosta,
    Secretary of Labor,

14

    United States Department of Labor,

15

                    Plaintiff,

      v.

16

Bulletproof Securities, Inc., a corporation; Tom
Parella, an individual; and Dave Haas, an

17

individual,

18

                    Defendants.

Case No.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

19

20

21

22

23

24

25

26

27

28

SECRETARY'S COMPLAINT
Case No. CV

1    The Fair Labor Standards Act ("FLSA") requires that all employees be paid the full

2    wages due for all hours worked, including payment at a minimum wage rate and payment of an

3    overtime premium for all hours worked in excess of forty in a workweek.  Here, Defendants

4    have denied their workers payment of the full lawful wages due and have interfered with and

5    impeded both the Secretary's investigation and the efforts of their workers to detect these

6    violations of federal law by misrepresenting to employees the hours they worked and failing to

7    maintain any record and/or destroying any partial records made regarding the full long hours

8    worked.  Defendants' actions harm not only their own employees but also law abiding

9    employers who face unfair competition in the marketplace by Defendants' illegal activity. The

10   Secretary thus brings this case to rectify Defendants' actions with respect to their employees,

11   competitors, and the significant public interests at stake.

12                            **NATURE OF THE ACTION**

13           1.      Plaintiff R. Alexander Acosta, Secretary of Labor for the United States

14   Department of Labor ("the Secretary"),  is charged with enforcing the FLSA in order to

15   eliminate "labor conditions detrimental to the maintenance of the minimum standard of living

16   necessary for health, efficiency, and general well-being of workers[.]"  29 U.S.C. § 202(a).  In

17   bringing actions under the FLSA, the Secretary represents not only the interest of the individual

18   employees affected by an employer's violations of the law, but also the broader public interest,

19   including the interests of law-abiding employers whose ability to compete is harmed by

20   employers who pay their  employees subminimum wages.

21           2.      In this action, the Secretary seeks to enjoin Defendant Bulletproof Securities,

22   Inc., an Arizona corporation doing business as Bulletproof Securities, BPS ("Bulletproof");

23   Tom Parella, an individual; and Dave Haas, an individual (collectively, "Defendants") from

24   violating the FLSA under Section 17 of the FLSA, 29 U.S.C. § 217; and to recover all wages

25   due, including unpaid minimum wage, from at least April 16, 2015 through the present

26   ("Subject Period") owed under the FLSA to Defendants' employees, including those listed by

27   name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated

28   damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action under Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of Section 15 of the Act); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4.      Venue lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Arizona.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

5.      Defendant Bulletproof is a corporation organized and existing under the laws of Arizona.  Defendant Bulletproof provides specialized security services in and around the Phoenix Metropolitan area, its principal place of business.  Specifically, Defendant Bulletproof employs security guards who, among other things, provide surveillance, high level threat terminations at workplaces, and protection details for high level corporate executives and dignitaries.

6.      Defendant Tom Parella is the President, Chief Executive Officer, and sole owner of Defendant Bulletproof and at all relevant times acted directly or indirectly in the interest of Bulletproof in relation to its employees, including hiring, firing, and supervising employees; making work assignments; maintaining employment records; and determining other employment practices.  He resides within the jurisdiction of this Court.

7.      Defendant Dave Haas is the Vice President of Defendant Bulletproof and at all relevant times acted directly or indirectly in the interest of Bulletproof in relation to its employees, including hiring, firing, and supervising employees; making work assignments; maintaining employment records; and determining other employment practices.  He resides within the jurisdiction of this Court.

8.      At all relevant times, Bulletproof has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the Subject Period who is not known to the Secretary at this time due to Defendants' failure to provide adequate

COMPLAINT
Case No. CV

and accurate records to the Secretary as required under Section 11 of the FLSA, 29 U.S.C. § 211.

9.    At all relevant times, Tom Parella is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Bulletproof's employees.

10.    At all relevant times, Dave Haas is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Bulletproof's employees.

11.    At all relevant times, Defendant Bulletproof has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

12.    Defendant Bulletproof is and at all relevant times was engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise  at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales done of not less than $500,000.  As such, Defendant Bulletproof is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13.    In at least one workweek since at least April 16, 2015, Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated the minimum wage provisions Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.  During the Subject Period, Defendants failed to pay

1  employees for compensable training hours worked, which resulted in Defendants paying some
2  of the employees at rates less than the minimum wage.

3        14.    In at least one workweek since at least April 16, 2015, Defendants have willfully
4  and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29
5  U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and
6  one-half times the employees' regular rate of pay in workweeks when the employees worked
7  more than forty hours.  During the Subject Period, Defendants failed to pay one and one-half
8  times the employees' regular rate of pay for overtime hours worked in weeks when the
9  employees worked over 40 hours during that workweek.

10        15.    Defendants have willfully violated, and continue to violate, Sections 11 and
11  15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make
12  available (to authorized agents of the Secretary for inspection, transcription, and/or copying,
13  upon their written demand for such access), and preserve records of employees and of the
14  wages, hours, and other conditions and practices of employment maintained, as required under
15  29 C.F.R. Part 516.  Specifically, Defendants failed to make, keep and preserve accurate
16  records of hours worked by employees, including training hours; instead, Defendants have
17  provided false records of hours worked to the Secretary.  This has interfered with the ability of
18  the employees, and derivatively, the Secretary, to detect, identify and have notice of the
19  underpayment of overtime due under the FLSA.

20                          <u>**CLAIMS FOR RELIEF**</u>
21                        **FIRST CLAIM FOR RELIEF**
22          **Failure to Pay Minimum Wages in Violation of the FLSA**

23        16.    Defendants have violated and continue to violate Sections 6 and 15(a)(2) of the
24  FLSA, 29 U.S.C. §§ 206, 215(a)(2), by employing their employees engaged in commerce or in
25  an enterprise engaged in commerce and paying those employees at wage rates less than the
26  applicable minimum wage.

27        17.    At all relevant times, Defendants have willfully violated and continue to violate
28  Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).  Defendants knew or

should have known of the FLSA's minimum wage requirements but nevertheless employed, and continue to employ, workers without properly compensating them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wages found by the Court to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Premiums in Violation of the FLSA

18.     Defendants have violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

19.     At all relevant times, Defendants have willfully violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found by the Court to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint.

## THIRD CLAIM FOR RELIEF

### Violation of Recordkeeping Provisions of the FLSA

20.     Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate

records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. part 516.

21.     At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. § 211(c).  Defendants have created and continue to create and maintain inaccurate and incomplete records of employees' hours worked and wages paid, even though they knew or should have known that this conduct violates the FLSA.

<h3 style="text-align:center">FOURTH CLAIM FOR RELIEF</h3>

<h4 style="text-align:center">Interference with FLSA Rights</h4>

22.     Defendants have violated and continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by virtue of the conduct alleged above, including through misrepresenting to employees the hours they worked, providing false records of the same, and that trainings were uncompensated because they were voluntary.

23.     At all relevant times, Defendants have willfully violated and continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).  Defendants have continued to engage in the conduct alleged above, even though they knew or should have known that this conduct violates the FLSA.

<h3 style="text-align:center"><u>PRAYER FOR RELIEF</u></h3>

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a)     For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5); and

(b)     For an Order:

(1)     Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime compensation, from at least April 16, 2015 through the present, to all of Defendants' employees including the employees listed in

the attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

        (2)     In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due, from at least April 16, 2015 through the present, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

(c)     For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure; and

(d)     For an Order awarding the Secretary the costs of this action;

                               Respectfully submitted,

Dated: April 17, 2018                 KATE S. O'SCANNLAIN
                               Solicitor of Labor

                               JANET M. HEROLD
                               Regional Solicitor

                               MARC A. PILOTIN
                               Counsel for Wage and Hour Litigation

                               */s/Charles Song*_____
                               CHARLES SONG
                               Senior Trial Attorney
                               *Attorneys for the Secretary, U.S. Department of Labor*

1
2

# EXHIBIT A

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.      Abreu, Felix
2.      Adaire, Ted
3.      Aiuto, Devin
4.      Allen, Dexter
5.      Allen, Thomas
6.      Arnold, Rachael
7.      Arruda, Chad
8.      Asch, Nathan
9.      Ashcraft, Ryan
10.     Badilla, Michael
11.     Bartlett, Justin
12.     Beasley, Tyler
13.     Biggs, Antony
14.     Brown, Stephen
15.     Buckley, Clinton
16.     Calzada, Christopher
17.     Carlson, Adrian
18.     Carter, Trevor
19.     Castellanos Jr., Salvador
20.     Chavarria, Gabriel
21.     Chavez, Rogelio
22.     Clisham, Daniel
23.     Colson, Jeremy
24.     Connelly, Sean
25.     Cosper, Jacob
26.     Davenport, Edward
27.     Davidson, Brian
28.     Davidson, Kyle
29.     Davison, Travis
30.     De Jesus, Pablo
31.     Debus, Derek
32.     Diamond, Chad
33.     Dicker, Adam
34.     Dishmon, Matt
35.     Dodge, Jacob
36.     Dolan, Brian
37.     Duke, Cameron
38.     Eckles, Ryan
39.     Elenes, Saeth

COMPLAINT
Case No. CV

| | | |
|---|---|---|
| 40. | Evans, Jeffrey | |
| 41. | Fielding, Billy | |
| 42. | Fisher, Nicholas | |
| 43. | Frost, Jesse | |
| 44. | Gartlin, | Kevin |
| 45. | Godin, Kevin | |
| 46. | Grab, Jeff | |
| 47. | Gressly, Marshall | |
| 48. | Haas, Jim | |
| 49. | Hahn, Nathan | |
| 50. | Hanson, Joel | |
| 51. | Hanson, Joshua | |
| 52. | Harden, Theodore | |
| 53. | Hubbell, Tyrone | |
| 54. | Hubner, Scott | |
| 55. | Ichrist, Matthew | |
| 56. | Jackson, John | |
| 57. | Jacobsen, Aric | |
| 58. | Jaramillo, Andres | |
| 59. | Jarkowski, Colin | |
| 60. | Jarvis, Justin | |
| 61. | Jeffries, Nathan | |
| 62. | Jenkins, Arron | |
| 63. | Jones, Ethan | |
| 64. | Jones, Tyler | |
| 65. | Kellogg, Christopher | |
| 66. | Key, Brian | |
| 67. | Kipp, Shane | |
| 68. | Klein, Brian | |
| 69. | Knight, Corey | |
| 70. | Knobloch, Benjamin | |
| 71. | Krznarich, Justin | |
| 72. | Lira, Zachary | |
| 73. | Lloyd, James | |
| 74. | Lo, Timothy | |
| 75. | Locatis, Joshua | |
| 76. | Lockhart, Euleric | |
| 77. | Luevanos, Gonzalo | |
| 78. | Lyons, Jeffrey | |
| 79. | Mackie, Aaron | |
| 80. | Majuta, Steven | |
| 81. | Marquez, Shon | |
| 82. | Marshall, Sean | |

COMPLAINT
Case No. CV

| | | |
|---|---|---|
| 83. | Marsicane, Sean |
| 84. | Martineau, Matt |
| 85. | Mazur, Robert |
| 86. | McGee, Kacey |
| 87. | McVicker, Mark |
| 88. | Mitchel-Wolfsen, Michael |
| 89. | Montazami, Shawn |
| 90. | Morales, Rafael |
| 91. | Morrison, Johnathan |
| 92. | Mowery, Micahel |
| 93. | Munda, Byron |
| 94. | Murray, Sean |
| 95. | Naney, William |
| 96. | Nelson, James |
| 97. | Nez, Zackery |
| 98. | O'Leary, Ian |
| 99. | Oeltjenbruns, Austin |
| 100. | Pablo, Cody |
| 101. | Papa, Jason |
| 102. | Partridge, Joshua |
| 103. | Patz, Chris |
| 104. | Pena, Carlos |
| 105. | Perez, Daniel |
| 106. | Perez, Lee |
| 107. | Phelps, Brady |
| 108. | Ramirez, Edgar |
| 109. | Richardson, Pierce |
| 110. | Rivera, Jeannie |
| 111. | Robbins, James |
| 112. | Roberts, Dwight |
| 113. | Romero, Kevin |
| 114. | Rouse, Alec |
| 115. | Rowe, Darren |
| 116. | Rowser, LeRoy |
| 117. | Rozalewycz, James |
| 118. | Ruggles, Scott |
| 119. | Rush, Christopher |
| 120. | Sandstedt, Frank |
| 121. | Schwennesen, Keith |
| 122. | Siladji, Edmond |
| 123. | Silva, Joshua |
| 124. | Smallock, Christopher |
| 125. | Smith, Brian |

COMPLAINT
Case No. CV

126.   Smith, Gabriel
127.   Smith, Tom
128.   Solie, Trenton
129.   St. Denis, Dylan
130.   Stevens, Alexander
131.   Stumpf, Nicholas
132.   Swanton, Charles
133.   Thompson, Justin
134.   Thompson, Zachary
135.   Tippetts, Austin
136.   Toglena, Irvin
137.   Troy, Christopher
138.   Vega, Daniel
139.   Villa, Joshua
140.   Villaire, Philip
141.   Vind, Jeffery
142.   Walker, Charles
143.   Walker, Phillis
144.   Walter, John
145.   Ward, Garrett
146.   Williams, Anthony
147.   Wood, Daniel
148.   Woodruff, Ross
149.   Worsham, David
150.   Yarmer, Payden
151.   Zink, Darin

COMPLAINT
Case No. CV