1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R. Alexander Acosta,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br>        v.<br><br>Bulletproof Securities, Inc., a corporation; Tom<br>Parella, an individual; and Dave Haas, an<br>individual,<br><br>                              Defendants. | Case No. CV-18-1192-PHX-SRB<br><br>**CONSENT JUDGMENT** |

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of

Labor ("Plaintiff" or the "Secretary"), and Defendants Bulletproof Securities, Inc. and Tom

Parella and Dave Haas individually have agreed to resolve the matters in controversy in this

**Page 1**

civil action, and consent to entry of this judgment ("Consent Judgment" or "Judgment") in accordance herewith.

## I.    STATEMENTS BY THE PARTIES

1.    On April 17, 2018, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c) and 15(a)(2), (3) and (5) of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), (3) and (5).

2.    Defendants filed an Answer to the Complaint.

3.    Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4.    Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Arizona.

5.    Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6.    This Consent Judgment resolves all claims in the Secretary's Complaint and the Department of Labor's investigation regarding the subject employees' employment with Defendants.

7.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

8.    Defendants agree to the entry of this Consent Judgment.

9.    Defendants acknowledge that Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

10.     Defendants admit that this enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

11.     Defendants admit that they have, as employers under the FLSA, and as a matter of economic reality, employed individuals whose primary duty is to work as security professionals.

II.     JUDGMENT

Therefore, upon motion of the attorneys for the Secretary, the agreement of the parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, Defendants Bulletproof Securities, Inc., Tom Parella, and Dave Haas, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

1.     Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce within the meaning of the FLSA wages at a rate less than the applicable minimum wage (currently $10.50 per hour in Arizona).  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce within the meaning of the

FLSA, less than one and a half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

2.      Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

3.      Defendants shall not, contrary to Section 15(a)(3) of the FLSA, discharge, threaten to discharge, lay off, reduce the work schedule or wages, intimidate, or in any other manner discriminate against any employee as a result of this litigation or because the employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action.

4.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due

or to become due in the future to said employee under the provisions of this judgment, or the FLSA.

5.     Defendants, jointly and severally, shall not withhold payment of $39,500, which shall constitute back wages, agreed to by the Parties to resolve this matter and, therefore, owed to employees.

**FURTHER, PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the amount of $79,000, which consists of $39,500 owed to employees as unpaid wages and $39,500 owed to employees as liquidated damages, in accordance with the Parties' agreement to resolve this matter.

6.     Defendants desire to satisfy their $79,000 monetary obligation provided above under a payment plan. That payment plan is as follows:

7.     Beginning October 15, 2018, Defendants shall pay to the Secretary of Labor twelve (12) equal payments of $6,583.33 on the fifteenth of every month until the final payment is made on October 15, 2019. The Secretary shall distribute these funds as provided in paragraph 8 below.

8.     The monies paid by Defendants under this Consent Judgment shall be distributed to the employees in the following manner:

a.     Employees shall be paid their pro rata share of the payments Defendants make under the payment plan provided in Paragraphs 7 above.

b.     The Secretary shall distribute payments to the persons named in Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

9.     In the event of default in timely making the payments, the Secretary may move this Court for enforcement of this Judgment. Post-judgment interest shall accrue on the monetary portion of this Judgment in accordance with 28 U.S.C. § 1961.

10.     Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of the "Notice of Rights," attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides guidance from the U.S. Department of Labor regarding the rights of employees, including protection from retaliation, under the FLSA.  Thereafter, Defendants shall provide a copy of Exhibit B to all newly-hired employees before or by the dates said employee begins performing work for Defendants.

11.     Within fourteen (14) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in prominent locations at all of their current and future facilities.  Copies of said posters are available for download at https://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

12. Within six (6) months of the date that Defendants sign this Consent Judgment, or as soon thereafter as practicable, Defendants shall provide a training session for all employees, which shall be compensable time for which Defendants' employees shall receive pay. Topics to be covered during such training shall include, but are not limited to: minimum wage and recordkeeping provisions of the FLSA; and anti-retaliation provisions of the FLSA. This training may, at the request of Defendants and at the discretion of the Wage and Hour representatives, be conducted by Wage and Hour representatives or instructors approved by Wage and Hour representatives and followed by a confidential question and answer session between such representatives and Defendants' employees. This session shall be compensable time for which Defendants' employees shall receive pay.

13. The resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to back wage recovery by any employee not named on Exhibit A, or by any employee named on Exhibit A for any period not specified therein, nor shall it affect the statute of limitations of any such possible claim.

14. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this Consent Judgment for five years.

Dated this 18th day of September, 2018.


_____
Susan R. Bolton
United States District Judge

PRESENTED BY:

Date: 9/12, 2018

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage & Hour Litigation

CHARLES SONG
Senior Trial Attorney
*Attorneys for the Secretary of Labor*

Date: 9/12, 2018

MARK OGDEN
*Attorney for Defendants*

Date 9/12, 2018

BULLETPROOF SECURITIES, INC.
*By Tom Parella, President/CEO and Owner*

Date 9/12, 2018

TOM PARELLA, *individually*

Date 9/12, 2018

DAVE HAAS, *individually*

# EXHIBIT A

| First Name | Last Name | Total BWs | Total LDs | Total Due |
|---|---|---|---|---|
| Felix | Abreu | $245.96 | $245.96 | $491.92 |
| Ted | Adaire | $40.16 | $40.16 | $80.32 |
| Devin | Aiuto | $101.01 | $101.01 | $202.02 |
| Dexter | Allen | $10.48 | $10.48 | $20.96 |
| Thomas | Allen | $295.10 | $295.10 | $590.20 |
| Rachael | Arnold | $541.85 | $541.85 | $1,083.70 |
| Chad | Arruda | $160.70 | $160.70 | $321.40 |
| Nathan | Asch | $50.64 | $50.64 | $101.28 |
| Ryan | Ashcraft | $177.93 | $177.93 | $355.86 |
| Michael | Badilla | $475.32 | $475.32 | $950.64 |
| Justin | Bartlett | $105.19 | $105.19 | $210.38 |
| Tyler | Beasley | $27.94 | $27.94 | $55.88 |
| Antony | Biggs | $33.18 | $33.18 | $66.36 |
| Stephen | Brown | $53.59 | $53.59 | $107.18 |
| Clinton | Buckley | $94.29 | $94.29 | $188.58 |
| Christopher | Calzada | $920.53 | $920.53 | $1,841.06 |
| Adrian | Carlson | $17.46 | $17.46 | $34.92 |
| Trevor | Carter | $123.68 | $123.68 | $247.36 |
| Salvador | Castellanos Jr. | $745.43 | $745.43 | $1,490.86 |
| Gabriel | Chavarria | $17.46 | $17.46 | $34.92 |
| Rogelio | Chavez | $1,069.25 | $1,069.25 | $2,138.50 |
| Daniel | Clisham | $491.33 | $491.33 | $982.66 |
| Jeremy | Colson | $19.21 | $19.21 | $38.42 |
| Sean | Connelly | $64.61 | $64.61 | $129.22 |
| Jacob | Cosper | $20.95 | $20.95 | $41.90 |
| Edward | Davenport | $252.89 | $252.89 | $505.78 |
| Brian | Davidson | $557.75 | $557.75 | $1,115.50 |
| Kyle | Davidson | $27.94 | $27.94 | $55.88 |
| Travis | Davison | $123.68 | $123.68 | $247.36 |
| Pablo | De Jesus | $405.35 | $405.35 | $810.70 |
| Derek | Debus | $139.69 | $139.69 | $279.38 |
| Chad | Diamond | $94.29 | $94.29 | $188.58 |
| Adam | Dicker | $395.47 | $395.47 | $790.94 |
| Matt | Dishmon | $10.48 | $10.48 | $20.96 |
| Jacob | Dodge | $475.80 | $475.80 | $951.60 |
| Brian | Dolan | $310.70 | $310.70 | $621.40 |
| Cameron | Duke | $214.78 | $214.78 | $429.56 |
| Ryan | Eckles | $41.91 | $41.91 | $83.82 |
| Saeth | Elenes | $236.27 | $236.27 | $472.54 |
| Jeffrey | Evans | $128.73 | $128.73 | $257.46 |
| Billy | Fielding | $620.30 | $620.30 | $1,240.60 |
| Nicholas | Fisher | $52.38 | $52.38 | $104.76 |
| Jesse | Frost | $80.87 | $80.87 | $161.74 |
| Kevin | Gartling | $13.97 | $13.97 | $27.94 |

| Kevin | Godin | $27.94 | $27.94 | $55.88 |
|---|---|---|---|---|
| Jeff | Grab | $211.59 | $211.59 | $423.18 |
| Marshall | Gressly | $194.55 | $194.55 | $389.10 |
| Jim | Haas | $1,282.22 | $1,282.22 | $2,564.44 |
| Nathan | Hahn | $17.46 | $17.46 | $34.92 |
| Joel | Hanson | $24.45 | $24.45 | $48.90 |
| Joshua | Hanson | $41.91 | $41.91 | $83.82 |
| Theodore | Harden | $1,264.82 | $1,264.82 | $2,529.64 |
| Tyrone | Hubbell | $259.15 | $259.15 | $518.30 |
| Scott | Hubner | $193.83 | $193.83 | $387.66 |
| Matthew | Ichrist | $55.88 | $55.88 | $111.76 |
| John | Jackson | $162.39 | $162.39 | $324.78 |
| Aric | Jacobsen | $835.51 | $835.51 | $1,671.02 |
| Andres | Jaramillo | $531.56 | $531.56 | $1,063.12 |
| Colin | Jarkowski | $769.21 | $769.21 | $1,538.42 |
| Justin | Jarvis | $34.92 | $34.92 | $69.84 |
| Nathan | Jeffries | $856.40 | $856.40 | $1,712.80 |
| Arron | Jenkins | $120.48 | $120.48 | $240.96 |
| Ethan | Jones | $134.58 | $134.58 | $269.16 |
| Tyler | Jones | $707.80 | $707.80 | $1,415.60 |
| Christopher | Kellogg | $64.61 | $64.61 | $129.22 |
| Brian | Key | $889.22 | $889.22 | $1,778.44 |
| Shane | Kipp | $268.31 | $268.31 | $536.62 |
| Brian | Klein | $674.02 | $674.02 | $1,348.04 |
| Corey | Knight | $43.65 | $43.65 | $87.30 |
| Benjamin | Knobloch | $36.67 | $36.67 | $73.34 |
| Justin | Krznarich | $99.53 | $99.53 | $199.06 |
| Zachary | Lira | $1,111.64 | $1,111.64 | $2,223.28 |
| James | Lloyd | $208.33 | $208.33 | $416.66 |
| Timothy | Lo | $230.07 | $230.07 | $460.14 |
| Joshua | Locatis | $354.47 | $354.47 | $708.94 |
| Euleric | Lockhart | $466.16 | $466.16 | $932.32 |
| Gonzalo | Luevanos | $137.95 | $137.95 | $275.90 |
| Jeffrey | Lyons | $650.72 | $650.72 | $1,301.44 |
| Aaron | Mackie | $157.15 | $157.15 | $314.30 |
| Steven | Majuta | $73.34 | $73.34 | $146.68 |
| Shon | Marquez | $13.97 | $13.97 | $27.94 |
| Sean | Marshall | $85.56 | $85.56 | $171.12 |
| Sean | Marsicane | $59.37 | $59.37 | $118.74 |
| Matt | Martineau | $10.48 | $10.48 | $20.96 |
| Robert | Mazur | $176.00 | $176.00 | $352.00 |
| Kacey | McGee | $1,335.63 | $1,335.63 | $2,671.26 |
| Mark | McVicker | $147.76 | $147.76 | $295.52 |
| Michael | Mitchel-Wolfsen | $80.32 | $80.32 | $160.64 |
| Shawn | Montazami | $17.46 | $17.46 | $34.92 |
| Rafael | Morales | $85.56 | $85.56 | $171.12 |
| Johnathan | Morrison | $123.85 | $123.85 | $247.70 |

| Micahel | Mowery | $20.95 | $20.95 | $41.90 |
|---|---|---|---|---|
| Byron | Munda | $86.28 | $86.28 | $172.56 |
| Sean | Murray | $27.94 | $27.94 | $55.88 |
| William | Naney | $710.51 | $710.51 | $1,421.02 |
| James | Nelson | $13.97 | $13.97 | $27.94 |
| Zackery | Nez | $1,466.77 | $1,466.77 | $2,933.54 |
| Ian | O'Leary | $50.64 | $50.64 | $101.28 |
| Austin | Oeltjenbruns | $98.33 | $98.33 | $196.66 |
| Cody | Pablo | $115.40 | $115.40 | $230.80 |
| Jason | Papa | $17.46 | $17.46 | $34.92 |
| Joshua | Partridge | $546.73 | $546.73 | $1,093.46 |
| Chris | Patz | $27.94 | $27.94 | $55.88 |
| Carlos | Pena | $188.71 | $188.71 | $377.42 |
| Daniel | Perez | $34.92 | $34.92 | $69.84 |
| Lee | Perez | $423.84 | $423.84 | $847.68 |
| Brady | Phelps | $111.75 | $111.75 | $223.50 |
| Edgar | Ramirez | $104.77 | $104.77 | $209.54 |
| Pierce | Richardson | $525.35 | $525.35 | $1,050.70 |
| Jeannie | Rivera | $578.04 | $578.04 | $1,156.08 |
| James | Robbins | $52.38 | $52.38 | $104.76 |
| Dwight | Roberts | $129.76 | $129.76 | $259.52 |
| Kevin | Romero | $316.36 | $316.36 | $632.72 |
| Alec | Rouse | $26.19 | $26.19 | $52.38 |
| Darren | Rowe | $31.43 | $31.43 | $62.86 |
| LeRoy | Rowser | $29.68 | $29.68 | $59.36 |
| James | Rozalewycz | $20.95 | $20.95 | $41.90 |
| Scott | Ruggles | $10.48 | $10.48 | $20.96 |
| Christopher | Rush | $501.57 | $501.57 | $1,003.14 |
| Frank | Sandstedt | $671.73 | $671.73 | $1,343.46 |
| Keith | Schwennesen | $188.95 | $188.95 | $377.90 |
| Edmond | Siladji | $1,110.19 | $1,110.19 | $2,220.38 |
| Joshua | Silva | $118.86 | $118.86 | $237.72 |
| Christopher | Smallock | $20.95 | $20.95 | $41.90 |
| Brian | Smith | $43.65 | $43.65 | $87.30 |
| Gabriel | Smith | $20.95 | $20.95 | $41.90 |
| Tom | Smith | $10.48 | $10.48 | $20.96 |
| Trenton | Solie | $199.90 | $199.90 | $399.80 |
| Dylan | St. Denis | $197.50 | $197.50 | $395.00 |
| Alexander | Stevens | $257.47 | $257.47 | $514.94 |
| Nicholas | Stumpf | $141.86 | $141.86 | $283.72 |
| Charles | Swanton | $547.33 | $547.33 | $1,094.66 |
| Justin | Thompson | $62.86 | $62.86 | $125.72 |
| Zachary | Thompson | $265.30 | $265.30 | $530.60 |
| Austin | Tippetts | $31.43 | $31.43 | $62.86 |
| Irvin | Toglena | $176.73 | $176.73 | $353.46 |
| Christopher | Troy | $540.83 | $540.83 | $1,081.66 |
| Daniel | Vega | $50.64 | $50.64 | $101.28 |

| Joshua | Villa | $33.18 | $33.18 | $66.36 |
|---|---|---|---|---|
| Philip | Villaire | $77.07 | $77.07 | $154.14 |
| Jeffery | Vind | $383.97 | $383.97 | $767.94 |
| Charles | Walker | $263.67 | $263.67 | $527.34 |
| Phillis | Walker | $13.97 | $13.97 | $27.94 |
| John | Walter | $208.52 | $208.52 | $417.04 |
| Garrett | Ward | $50.64 | $50.64 | $101.28 |
| Anthony | Williams | $570.03 | $570.03 | $1,140.06 |
| Daniel | Wood | $20.95 | $20.95 | $41.90 |
| Ross | Woodruff | $623.38 | $623.38 | $1,246.76 |
| David | Worsham | $858.87 | $858.87 | $1,717.74 |
| Payden | Yarmer | $17.46 | $17.46 | $34.92 |
| Darin | Zink | $36.67 | $36.67 | $73.34 |
| | | $39,500.00 | $39,500.00 | $79,000.00 |
| | | BW Total | LD total | Grand Total |

# EXHIBIT B

# NOTICE OF RIGHTS
# TO CURRENT AND FORMER EMPLOYEES
# OF BULLETPROOF SECURITIES, INC.

Under federal law, you have the right to:

- Be paid at least the minimum wage for all hours worked, which includes all time spent completing training your employer requires you to attend;

- Be paid for overtime at a rate of one and one-half of your regular rate for all hours you work over 40 in a workweek;

- Have your employer keep accurate records of the hours you work; and

- Not be retaliated against or intimidated for (1) participating in an investigation by the United States Department of Labor, or (2) exercising your rights under federal law.  This means your employer cannot do or threaten to do any of the following because you spoke with the Department of Labor, complained about your pay or work, or asserted your legal rights: fire you; refuse to pay you for all hours you worked; or ask you to return all or a portion of amounts paid to you as a result of a lawsuit for back wages.

You are receiving this notice as part of a settlement between the U.S. Department of Labor and your employer Bulletproof Securities, Inc.; its owner Tom Parella; and its Vice President Dave Haas. Under that settlement, Bulletproof, Mr. Parella, and Mr. Haas agreed to pay employees a total of $79,000 to resolve a lawsuit brought by the Department of Labor.

## Please contact the U.S. Department of Labor if you have any questions about your rights under federal law.

## DOL – Wage and Hour Division
## 230 N. First Avenue, Suite 402
## Phoenix, AZ 85003-1725
## (602) 407-5353